J-S16031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AARON DURELL GRIFFIN, | : | |
| | : | |
| Appellant | : | No. 1083 MDA 2018 |

Appeal from the Judgment of Sentence Entered April 20, 2018
in the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0000152-2017

BEFORE:  OTT, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:        **FILED: APRIL 30, 2019**

Aaron Durell Griffin ("Griffin") appeals from the judgment of sentence imposed following his convictions of possession with intent to deliver a controlled substance ("PWID"), possession of a controlled substance, and possession of drug paraphernalia (collectively referred to as the "drug offenses"),[1] as well as criminal use of a communication facility[2] (hereinafter "criminal communication").  We affirm.

The trial court set forth the facts underlying this appeal as follows:

On December 14, 2016, members of the Pennsylvania State Police [("PSP")] received information from a reliable source [(hereinafter, the "CI")] that [Griffin] was planning to transport one pound of methamphetamine from [Griffin's] residence in Pottstown to Earl Township, Berks County[,] in a black Cadillac[, to sell the drugs to the CI in the parking lot of an auto mechanic's garage (hereinafter, "the garage")].  The police identified [and

---

[1] *See* 35 P.S. § 780-113(a)(30), (16), and (32).

[2] *See* 18 Pa.C.S.A. § 7512(a).

drove to Griffin's] residence[,] and waited outside until [Griffin] and a passenger[, David Hall ("Hall"),] left in the black Cadillac[, which was registered to Griffin]. The[] [police] followed [Griffin] to [the] garage[, where the CI and Griffin had previously arranged via phone to meet,] and they observed [Griffin] and [Hall] get out of the vehicle. Soon after, police cars stopped and detained [Griffin] and [Hall]. A [PSP] K-9 Unit … "indicated" on the inside of the vehicle, but a search of the car did not yield any results. During an interview of [Hall at the scene], he told the police that when [Griffin] had exited the car, he walked to the front of [the] garage. The police then searched near the front door of the garage[] and found a black backpack[, located approximately 25 to 30 yards from Griffin's vehicle, resting on a pile of debris and scrap]. Inside the backpack was a vacuum[-]sealed bag containing one pound of methamphetamine.

Trial Court Opinion, 9/7/18, at 2.

Relevant to this appeal, shortly before Griffin drove to the garage, the CI, while working with PSP Trooper Anthony Garipoli ("Trooper Garipoli"), placed a recorded phone call to Griffin to set a meeting place for the drug transaction to occur. During this call, which was played in court at Griffin's trial, the CI and Griffin arranged to meet at the garage, within fifteen minutes of the phone call. After the police arrested Griffin at the garage, they searched his vehicle and discovered a cell phone (hereinafter "Griffin's cell phone"). The police then placed a phone call, using the same cell phone that the CI had used earlier to call Griffin (hereinafter "the CI cell phone"). The police called the phone number that the CI had previously dialed to speak with Griffin, and

Griffin's cell phone rang.[3, 4]  Finally, Trooper Garipoli testified at trial that the voice he had heard on the recorded call talking with the CI was consistent with Griffin's voice (*i.e.*, when the Trooper heard Griffin speak later that day).

Following his arrest, the Commonwealth charged Griffin with the drug offenses and criminal communication.  On July 13, 2017, Griffin filed an Omnibus Pretrial Motion (the "OPT Motion").  In relevant part, Griffin sought suppression of the narcotics as being the fruit of an unlawful warrantless search and seizure, which was unsupported by probable cause.  Following a hearing, the trial court denied the OPT Motion by an Order and Memorandum entered on December 5, 2017.

The matter proceeded to a non-jury trial on March 9, 2018, at the close of which the trial court convicted Griffin on all counts.  On April 20, 2018, the trial court sentenced Griffin to 6 to 12 years in prison, followed by 7 years of probation.  Griffin timely filed Post-sentence Motions, challenging, *inter alia*, the sufficiency of the evidence supporting his convictions.  Following the trial court's denial of this Motion, Griffin filed a timely Notice of Appeal.  The trial court ordered Griffin to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and he timely complied.  The trial court then issued a Rule 1925(a) Opinion.

---

[3] Also, the incoming call screen on Griffin's cell phone displayed the phone number of the CI cell phone.

[4] We will hereinafter refer to the evidence of this phone number verification as the "phone call evidence."

Griffin now presents the following questions for our review:

1. Whether the trial court erred and committed an abuse of discretion by denying Griffin's [M]otion to suppress?

2. Whether there was sufficient evidence to prove beyond a reasonable doubt that Griffin was guilty of possession of a controlled substance, possession with intent to deliver and criminal use of a communication facility?

Brief for Appellant at 6 (issues renumbered).

In his first issue, Griffin argues that the trial court erred in denying his OPT Motion to suppress, where the CI's tip failed to establish probable cause or reasonable suspicion for the police to stop and detain Griffin. *See id.* at 21-31. Griffin contends that the Commonwealth failed to prove that the CI was a reliable source, where (1) there was no evidence presented that the CI had previously provided other reliable information to the police; (2) the CI had reason to lie to the police for personal gain, since he had been arrested earlier that day for drug and gun-related offenses; (3) "[t]he entire basis for relying on the CI's tip was premised upon something happening in the future"; and (4) "[t]he police failed to conduct any other investigation that might have yielded corroboration of information unavailable to the public at large, which would have bolstered the reliability of the [CI]." *Id.* at 24-28. Additionally, Griffin protests that "nothing prevented the officers from obtaining a search warrant before searching the garage and its curtilage." *Id.* at 30.

In reviewing the denial of a suppression motion,

[w]e may consider only the Commonwealth's evidence and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the

- 4 -

record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error. An appellate court, of course, is not bound by the suppression court's conclusions of law.

*Commonwealth v. Arter*, 151 A.3d 149, 153 (Pa. 2016) (citation omitted).

In reviewing questions of law, our standard of review is *de novo* and our scope of review is plenary. *Id.*

Here, the trial court offered the following analysis in support of its denial of Griffin's OPT Motion to suppress:

[T]he information in possession of the police justified an investigatory detention of [Griffin]. The police had a tip from a reliable source[, the CI,] that [Griffin] would leave Pottstown and go to Earl Township in a black Cadillac. Everything played out that day just as the [CI] had said [it] would. The reliable [CI] also indicated that [Griffin] would be delivering a pound of methamphetamine. Therefore, since everything happened in the tip as the [CI had] indicated, the police had enough reasonable suspicion to detain [Griffin].

The police additionally had the ability to search the black backpack for methamphetamine[] because the black backpack had been abandoned. It is well established that abandoned property may be searched by police. *Commonwealth v. Shoatz*, 469 Pa. 545, 552[] ([] 1976). Abandonment is determined by whether an individual has the clear intent to relinquish control of the property. *Id.* However, "the Commonwealth has adopted the theory of abandonment of property only when it is shown that the seized evidence was not discarded as a result of unlawful police coercion." *Id.* at 553. In *Shoatz*, the police were searching for suspected burglars. The police saw two men with suitcases and approached them. Both men dropped their bags and fled. The [C]ourt determined that these bags were abandoned and therefore[,] the search of them by the police was legal. Similarly, [Griffin's] black backpack was abandoned voluntarily *before* the police arrived. Although it is likely that [Griffin] did this because he was aware that the police were on the way, it was not abandoned because of unlawful police activity. Therefore, the police's warrantless search of the black backpack was legal and the evidence can be admitted.

Findings of Fact and Conclusions of Law Re: the OPT Motion, 12/1/15, at 4-5 (emphasis added).

We agree with the trial court's foregoing analysis, which is supported by the record and the law. The CI's tip, as well as the phone call evidence, provided the police with ample reasonable suspicion to detain Griffin. We also reject Griffin's proffered reasons for challenging the CI's reliability. It is well established that the police may, in the absence of special circumstances, assume that identified citizens who report their observations of criminal activity are trustworthy. ***Commonwealth v. Washington***, 63 A.3d 797, 803 (Pa. Super. 2013); ***see also Commonwealth v. Hayward***, 756 A.2d 23, 34 (Pa. Super. 2000) (stating that "if an informer … identifies him or herself to the police, then there is an indicia of reliability attached to the tip, because the informant has placed himself or herself at risk for prosecution for giving false information to the police if the tip is untrue."). Additionally, the trial court properly found that because Griffin had voluntarily abandoned the black backpack,[5] the warrantless search of it was legal. Accordingly, Griffin's first issue entitles him to no relief.

---

[5] We discuss below the matter of Griffin's constructive possession of the abandoned backpack.

In his second issue, Griffin challenges the sufficiency of the evidence supporting his convictions of the drug offenses and criminal communication. *See* Brief for Appellant at 12-20.[6]

In reviewing a challenge to the sufficiency of the evidence, our standard of review

> requires that we evaluate the record in the light most favorable to the verdict winner[,] giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence[,] coupled with the reasonable inferences drawn therefrom[,] overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the [] convictions will be upheld.

*Commonwealth v. Sebolka*, 2019 PA Super 58, at ** 12-13 (Pa. Super. 2019) (citation and paragraph break omitted).

Concerning the drug offenses, Griffin argues that none of these convictions can stand because the Commonwealth failed to prove, beyond a

---

[6] We will address Griffin's challenges to these respective convictions separately.

reasonable doubt, that he actually or constructively possessed the black backpack containing the methamphetamine.[7]  *See* Brief for Appellant at 12-15.  Griffin asserts that

> there was no proof that Griffin knew of the existence and location of the backpack.  None of the officers saw Griffin at any time with a backpack.  …  It was pure speculation to infer [that] Griffin was aware of the contents and location of the backpack.  The trial court could not have reasonably inferred that Griffin had knowledge of the contraband in the [] backpack located on the curtilage of the garage, let alone exercise[d] dominion and control over its contents.

*Id.* at 15 (paragraph break omitted).  Griffin further contends that "[i]t was equally reasonable to infer that [Hall], [] the CI, or another person was responsible for placing the backpack along the garage." *Id.* at 17.

Where, as here, a defendant did not have actual possession of the contraband item, the Commonwealth is required to establish that he or she constructively possessed it.  *See Commonwealth v. Parrish*, 191 A.3d 31, 36 (Pa. Super. 2018).

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement.  Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not.  We have defined constructive possession as conscious dominion. … We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. …  To aid application, we have held that constructive possession may be established by the totality of the circumstances.

---

[7] Possession of contraband is an element in each of the drug offenses, *see* 35 P.S. § 780-113(a)(30), (16), and (32), and this is the only element that Griffin challenges.

*Commonwealth v. Cruz*, 21 A.3d 1247, 1253 (Pa. Super. 2011) (citation and quotation marks omitted). Significantly, "circumstantial evidence may be used to establish constructive possession of the [contraband]." *Commonwealth v. Johnson*, 26 A.3d 1078, 1094 (Pa. 2011); *see also Commonwealth v. Johnson*, 818 A.2d 514, 516 (Pa. Super. 2003) (noting that circumstantial evidence is reviewed by the same standard as direct evidence). However, a defendant's mere presence at the scene does not establish constructive possession of contraband. *Commonwealth v. Vargas*, 108 A.3d 858, 869 (Pa. Super. 2014) (*en banc*); *see also Parrish*, 191 A.3d at 37 (stating that the location and proximity of an actor to the contraband alone is not conclusive of guilt).

Here, although the police never saw Griffin handle the black backpack, they knew, from the phone call evidence, that he was traveling to the garage in a black Cadillac to deliver a pound of methamphetamine, which was the amount of methamphetamine that the police found in the backpack. Upon police questioning of Hall at the scene, they learned that Griffin had walked to the front of the garage, where the backpack was discovered shortly thereafter. N.T., 3/9/18, at 17-18, 23. Additionally, the police officer who had found the backpack resting on top of the pile of rubble stated that it stood out to him because it was not like the other, weathered debris (which consisted of scrap metal, glass and wood), whereas the backpack was in "almost pristine condition[.]" *Id.* at 37. Although this evidence is circumstantial, under the totality of the circumstances, there was enough evidence presented for the

- 9 -

trial court to properly find, beyond a reasonable doubt, that Griffin constructively possessed the abandoned backpack. ***See, e.g., Commonwealth v. Roberts***, 133 A.3d 759, 768 (Pa. Super. 2016) (holding that the totality of the evidence sufficiently established that the defendant constructively possessed abandoned narcotics, where the police discovered the narcotics in an area in which they had previously seen defendant running, and noting that circumstantial evidence alone can establish constructive possession); ***Commonwealth v. Clark***, 746 A.2d 1128, 1136 (Pa. Super. 2000) (*en banc*) (holding that there was sufficient circumstantial evidence that the defendant had constructive possession of drugs that the police found in a weeded lot and lawn area where police surveillance officers had earlier observed defendant repeatedly walk into the weeded lot, return shortly thereafter, and hand small items to passersby, whom the police stopped thereafter and found crack cocaine on their persons).

Griffin next argues that his conviction of criminal communication cannot stand, even despite the phone call evidence. ***See*** Brief for Appellant at 17-20. Griffin emphasizes Trooper Garipoli's trial testimony that the voice he had overheard on the recorded call placed by the CI to Griffin's cell phone to coordinate the meeting, was "consistent with" Griffin's voice, which, Griffin urges, is an "unremarkable conclusion." ***Id.*** at 19; ***see also id.*** at 19-20 (asserting that "[e]ven if the lay opinion of [Trooper Garipoli] was believed by the lower court, it was not proof beyond a reasonable doubt that Griffin used a communication facility to commit a felony."). Additionally, Griffin points out

- 10 -

that (1) the CI was not called as a witness to testify concerning the characteristics of Griffin's voice; (2) the police did not attempt to dust Griffin's cell phone for fingerprints or extract data from the phone; (3) the police did not subpoena phone records concerning Griffin's cell phone; and (4) no expert testified as to the voice identification. *See id.* at 18-19.

The Crimes Code defines criminal communication as follows:

> A person commits a felony of the third degree if that person uses a communication facility to commit, cause or facilitate the commission[,] or the attempt thereof[,] of any crime which constitutes a felony under this title or under the … Controlled Substance, Drug, Device and Cosmetic Act. …

18 Pa.C.S.A. § 7512(a).[8]

Contrary to Griffin's claim, there was ample evidence for the trial court to find Griffin guilty of criminal communication beyond a reasonable doubt. Not only did Trooper Garipoli identify Griffin's voice from the phone call with the CI,[9] the phone call evidence clearly linked Griffin to having used Griffin's cell phone to coordinate the drug transaction. Accordingly, there is no merit to Griffin's sufficiency challenge.

Judgment of sentence affirmed.

---

[8] Griffin's convictions of PWID and possession of a controlled substance are both felonies.

[9] *See Commonwealth v. Jones*, 954 A.2d 1194, 1197 (Pa. Super. 2008) (stating that a witness may make an identification by voice alone; expert testimony is not necessary for voice identification; and the weight to be accorded voice identification testimony is a question for the trier of fact).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/30/2019</u>